Our next case is Walker Digital v. Microsoft. This is a Microsoft Office Word document.  This is for Hadley. May it please the Court. The District Court's construction of initiate is wrong. It requires that initiate occur exclusively on a background thread, even though the District Court, in reading the specification, found that the initiate happens in a place in the specification where only a foreground thread is used. It also requires that initiate include the steps to prepare a search query, even though that place in the specification where the District Court pointed to as the initiation occurring contains no steps whatsoever to prepare a search query. Besides conflicting with the Court's own reading of the specification, the District Court's construction of initiate conflicts with what the Walker invention teaches. The Walker invention teaches that a user can initiate a search directly from a word processing program without leaving it. Let's focus on Claim 18. When Claim 18, which is my understanding of the claim at issue for the most part, the first claim at issue anyway, says initiating from said first application on a background thread over a network, a search of said search term using a search tool. So tell me what does that, what is the step of initiating in your mind that is required by Claim 18? What does it entail? In Claim 18, the initiating is something that happens from the first application program. It's something that a user does, and that's supported several times in the specification that actually talk about what initiating is. Well, if it's something, hold on, done by something what a user does, I'll tell you the first time I read these claims I thought that too, but then you've got a joint infringement problem if that's a user initiated step. But you were careful throughout your brief, I think, in order to avoid the joint infringement problem to always say this is what the computer is doing in response to the user's command. So I don't think you mean that's a user initiated step, do you? The user enters a command and the specification, it uses the term initiate sometimes to talk about what the user does. I'm not worried about what the specification does. I want to know what you think Claim 18, when it says initiating from said first application program, what is that? What does that entail? What is that cover? It's something that the first application program does to automate the search process to tell the system that we are going into search mode here. We're not in any other mode. We're going to do a search. And system, what you need to do is go off, create a background thread for the search process itself so that when the search process is being conducted, the user can continue to work. There's just no way that a computer system can launch a process like a search process directly on a background thread. So when the claim language talks about initiating from a first application program, it's something that's referring to an internal process within the first application program on the first application program's foreground thread. I think that's also clear from the follow-on phrase, background thread over a network, because that places the background thread on the network or the search site. So is it only the search, the actual conducting of the search that occurs on the background thread and everything else occurs on the foreground thread? Or is it, because there's a lot of steps. Like when we start looking at what is designated 500 in all the figure fives in the patent, there's a lot of different steps. And so I'm trying to understand how many of those have to happen on the foreground, how many on the background. Which of those constitute initiating? The initiating, what the district court judge said, first of all, is that initiating is something that happens prior to the launch of the search and after the commencement of the search. And all of that is shown in figure 4B of the specification. Now everything in figure 4B of the specification, it was undisputed by the parties and their experts that all of that happens exclusively on a foreground thread. There was no dispute about that. The specification then differentiates between getting a command to search, initiating the search, launching the search, and then performing the search process. The figure 5A through 5E is talked about... So you say there's three things. There's initiating, launching, and then searching. And then searching. And the figures 5A through 5E deal with the search process. That's defined repeatedly in the specification. And just to give you a few sites for that, column 7 of line 38 through 39, column 9, line 51 through 53, and column 10 of line 45 through 46 all describe the search process as something that happens in figures 5A through 5B. That's the search. The specification also separately talks about the launch as a separate process that precedes the search process. And that, for example, is column 4, line 52, column 6, line 57, column 7, line 38 through 39. And then the specification also talks about the initiate as something that happens before the launch of the search. And that is... Mr. Hadley? Yes. Throughout the patent, we have this sense that the user is able to continue to work after initiating and look at the summary of the invention. According to one aspect, a supplemental search is performed in the background while the user continues the primary task of creating a document. You're absolutely correct, Your Honor. You said that the patent says the user can continue to work after initiating. And that's our point. Only the foreground thread of the first application program can initiate that search. You can't simply jump into a background thread. In fact, the background thread isn't even created until you get into the search process in figures 5A through 5E. Now, once you get into the search process, after the initiation, then you're absolutely correct. The whole point of the invention... But the point is, after you get into the search, after the initiation, isn't there a potential gap between initiation and that search launching, is the word that the patent always uses? That's correct, Your Honor. Between the initiation and the search process, there's a step of launching... Can you continue to work during that period? The patent doesn't specifically say that. The launch is shown as a single... Why doesn't it say that? It seems to be saying that quite clearly, that this is the whole point. You push a button, and then you can go right back to work. You don't have to wait. Well, it doesn't say you can go right back to work. What it says is that the search is initiated, and then it says the search is launched. Launch is shown as a single box, 442 in Figure 4B. But show me where it draws that clear distinction between initiate and launch. At column... Column 4, line 52, says the search is launched in the background. And then it goes on to explain a little bit more. It says that the search is launched in the background, and then control is simultaneously returned to the user. So that tells me that because control is simultaneously returned to the user during the launch step. During the launch step, the user can't actually start working. Instead, the user can only start working, and this is undisputed, once the background thread is created. Figure 5A shows the steps involved in creating the background thread. So in the launch step, box 442 in Figure 4B, which happens on a foreground thread, that's undisputed by all the parties and their experts, the search is launched, and control is simultaneously returned to the user. That's said in several places in the specification. Where does the claim tell us that the initiation occurs? On a background thread, or on a foreground thread? That's why we're here. The claims are ambiguous in that regard. The claims don't clearly say whether the background thread is used just for the search process as we contend, or for both the search initiation and the search process. It doesn't look ambiguous to me. Initiating said search using a background thread. Well, there's also the words in between that say initiating from a first application program. A first application program operates on its foreground thread, and then it says on a background thread over a network. Well, when you're on a background thread over a network, that applies to the search process. So what the district court did... It's not only initiating on the background thread, it's without interrupting you. And it's without interrupting you once you get to the search process. So why isn't the district court right on here? Because what the district court did was it looked at the specification, and it said, where does initiate occur in the specification? And it pointed to figure 4B in between the command to search and the launch of the search, and said, this is where initiation is. And everybody agreed that everything in figure 4B is on a foreground thread. So what ended up happening is that instead of relying on the specification and doing what this court says courts should do when there is an ambiguity and look to the specification, the district court did that, made specific findings, but then didn't follow them. So we have an inherent conflict between where the district court said that initiation occurs in the specification, and then the way that the district court construed the claims. And then we also have the problem that the district court said initiating means the steps to prepare the search query, even though when you go to figure 4B where the district court said initiation happens, there is nothing that talks in any sense about steps to prepare a search query. I see that I'm starting to get into my rebuttal time. Would you like to save that? Thank you. We'll hear from Mr. Schultz. May it please the court. I think the key issue is one that has been focused on in the questioning, which is whether or not the step of initiation needs to occur on a background thread. If it does, there is no question but that the district court's judgment of non-infringement should be affirmed because it was undisputed that the steps that are outlined as part of Microsoft's reference tool occur on a foreground thread and not on a background thread. But the claim itself is initiating from said first application program. Everyone agrees the first application program is on the foreground thread. So how do you get around that language? That's where you initiate from. That's where the command is given. So the first step is the command. The user gives a command. And that's part of the initiation process. It is not. It's the command, which I think is separate. And then it's initiated at that point. And we're now in the specification where at column 8, lines 47 through 57, where it's clear and the inventors made clear that what they were trying to claim was simultaneously returning control to the user at that point and spawning a background thread. They occur at the same time. Page 17... No, not simultaneously returning it to the user while they spawn a background thread. Because look, the claim itself says initiating from first application program. And then it says while continuing to work in said document while the search is performed. So the claim defines when you have to be able to work in the document. Not while the background thread is being spawned. No, while the search is being performed. Well, let's look... I think there were 3 aspects of the evidence that the district court looked at in determining that initiate needs to occur on a background thread. And let me just touch on each of those because they're responsive, I think, Your Honor, to your question. The first was the language of the claim. It says on a background thread and then it says initiating from said first application program on a background thread over a network. That prepositional phrase, on a background thread over a network, modifies initiating. It cannot, consistent with rules of grammar, modify search, which comes after it. Secondly, if we look at Claim 72, we see that the language... First off, I have not found a patent prosecutor who has all the basic rules of grammar firmly within his grasp. But apart from that, on a background thread, if it doesn't modify a search, it sort of reads out initiating from said first application program. No, I think that's where you initiate it from. If you're initiating it from there, how is that not part of the initiation process? Because it's clear from the context that it has to be on a background thread because it can't be. It's the only sensible reading. And if you look at Claim 72, Claim 20 is the same, but look at Claim 72, what you see is it says a step to initiate from first application program on a background thread over a network said search using a background thread. Now, if the construction that Walker Digital asserts was correct, there would be absolutely no reason to say after the word search using a background thread. Their claim was said earlier when they said on a background thread. So the only construction that gives meaning to the words in Claim 72 and Claim 20 is a construction that says you initiate on a background thread. The specification, in addition to the clear claim language, also makes that clear. And I think it's the context of what's the invention here? The invention read in its totality is as soon as we can take the command from the user and give the user back control of the first application program we do, and we let the search process occur in the background without in any way preempting the user's use of the word processing program or whatever the application program is. That, I think, is the clear intent of the invention, and the specification makes that clear repeatedly, including describing we're going to eliminate the need for the user to manually initiate the search. But the language... Claim 10 says directly initiating said search using a background thread. It doesn't even have the language from the first specification. Is there a difference there, or do they mean the same thing? It says initiating said search using a background thread. I think there they're saying using a background thread to initiate. I think it means exactly the same thing. I think they said in the prosecution history as well, when they added what was then Claim 83, now Claim 76, what they said there was we want to be clear that we are describing something that is initiating a search from an application program that is not a browser without preempting the application program, period. No further phrase, and what they were saying was the initiating is without preempting the application program, which can occur only as the result of the use of a background thread. That's in the appendix of 343. But the key language, I think, in the specification, just to go back for a moment to that, is at Column 8, Lines 47-57, where they say we will return control of the word processing application program to the user at Step 424 while simultaneously spawning a background thread to handle the data searching task. It's true that the specification says that, but the claim doesn't. The claim says control goes back to the user when the search occurs, not when the background thread is spawned. I think different of the claims have that phrase in different places, Your Honor, but I think what's important is that you agree that Claim 18 doesn't require being able to use the document during the spawning of the background thread and the launching of the search, only during the search process. I do not. And the reason I don't, and let me just be clear, is... While continuing to work in said document while said search is performed. That language may well be talking about the search being performed. I'm not disagreeing with you on that point. The key language, I think, is initiating on a background thread. The key language is the first part of that phrase, the only meaning that can have, because when you're on a background thread, you're no longer preempting, you've returned control to the user. The only meaning that can have if you accept the argument and the analysis of the district court that initiate has to be on a background thread is that process, too, does not preempt the user. Well, that would be an additional limitation, but that's not the limitation of the claim. The claim doesn't say during initiation the user can continue working in the document. It says during the search the user can continue working in the document. But I think the key language here for this claim is it has to be initiated on a background thread. That's an element a necessary element of this claim, initiating on a background thread. What parts of Figure 5, A through E, do you think represent the initiation? I'm just having a lot of trouble figuring out when initiation ends. I think that's a fair question, Your Honor, and I think I want to come back to it because I don't think the answer to that matters for purposes of affirming the district court, but I think when we look at Figure 5, we did a comparison in the papers of the elements of Figure 5 that relate to the initiation process, and it would include at least figures it includes figures up through Box 536 and 546 on Figure 5C in our view when you look to what would be the initiation, it is clear that the patent doesn't identify a clear line of... You believe the initiation is everything up until Figure 536 or everything from 536 after? No, up until 546. It's everything that's involved in preparing the search. But a lot of that stuff happens on the foreground. No, I think it all happens on the background. Turn to Figure 5, A. Yes, Your Honor. Number 502, application messages, dispatcher thread message. That's certainly coming from the foreground. The dispatcher thread is a background thread. Correct. But the application messages, the dispatcher thread, that's the application sending the message. That's what comes from the foreground, yes. That's certainly something occurring on the foreground, and that's number 502. Then you do have something, 504 is in the background, message placed into dispatcher queue. That's on the background, right? That's on the background. But then look at everything after that, 506, message picked up by dispatch thread, yes or no. No, application process, aha, back to the foreground thread, now has to verify the existence of the dispatcher. This is an error correction mechanism as far as I can tell. It does not have to be, it could be on a background thread of the first application program. I think that's what, this is, there's multiple background threads as we know in a multi-threading situation. There's nothing about this diagram that indicates that that would put you back on the primary thread which generated the primary application program in the first instance as defined. There's nothing here that prevents that from being on another background thread. And if we were to accept, and I want to touch on this because I think it goes in part response to your question, Judge Moore, is that if we were to accept Walker Digital's interpretation of what is the step of initiation, they say that the step of initiation is a single box, the set data task box on the chart, and they have already conceded below that that, the equivalent step in the Microsoft Research function, the equivalent step there is a single one of the 13 routines that are outlined in our papers. And that single routine is the very first one. And they say in their papers at the appendix at 558 and 59 that the one step would be do content hit, and they say that again at 1541, and then that everything follows the initiate step has to be on the background. They make that clear at 558 and 559. So if we imagine as common sense would I think lead us to imagine, you initiate and then you search, you start a new race. So if the initiate is one box and one routine, and if that one routine is as they say at 1541 the do content hit, if everything after that is the search, and if they concede in the blue brief at 37, everything that is part of the search has to occur on the background. Mr. Stone, you've referred several times to the routines and I'm looking at your schematic on Yes, your honor. Where is the initiate step in this? According to the initiate step in our view is the first 13. What's that? It's the first 13 steps of preparing the search is initiate. The first 13 routines which consists of some thousands of lines of code to affect those, and at that point in time the search itself occurs on the background. Everything here in the foreground thread is all initiate. That's the preparation of the search, and under Walker Digital's construction, initiate would be simply the first routine, your honor, the do content hit, and everything after that in their view would be search, and that's what they made clear at 558 and 59. They now contend, well there's something that occurs between initiate and search which is launch. That's a position different than they took initially in their papers, inconsistent with positions they've taken below to come up with that now because they recognize, as the district court recognized, that if the very first routine was initiate and everything else was search, and if it's conceded, search has to occur on a background thread, then the research tool in Microsoft Word does not infringe. So on either ground, the construction urged by Walker Digital or the construction adopted by the trial court, this court should affirm the finding of non-infringement because what is clear is all of those routines identified in the schematic that you referred to, your honor, all of those routines occur in the foreground, and if they're either part of the search, then there's no infringement, and if they're part of initiate, and initiate must according to the claim language occur on a background thread, there's also no infringement. So under either set of circumstances, that would be the case, and this was confirmed by the way in which Walker Digital, when it prosecuted the patent, distinguished its claimed invention over Wolf, because they said in the context of Claim 1, they made some clear statements about prosecution. They said, quote, it contains no disclosure concerning initiating a search without preempting an application program, describing Wolf. That's at 341. Talking about that description of distinction was repeated with respect to a number of claims that they were trying to distinguish over Wolf. In generally describing their invention, and trying to distinguish it from Wolf, again at page 341, they said the search is launched without interrupting the foreground processing of the application program. Again, the only way it could be done without interrupting would be to do it on a background thread. That's the clear teaching of this invention. You don't buy Mr. Hadley's argument that there's an initiation period, a launch period, and a search period. Three different periods. I don't, Your Honor. You think that everything he calls launch is actually part of the initiation. I think one of the things that I think is conceded by Walker Digital that's unclear in the patent is, where's that bright line between initiate and launch, or where's that bright line between initiate and search? There's no discussion of launch in the initial papers Walker Digital put in. That's the ones I quoted to earlier at 558. Even if there was a launch, it has to be on the background thread according to what they have clearly said. If you decide there's an initiate, a launch, and a search, then launch has to be on a background thread because that's conceded in their papers. One other question I want to ask you real quick before your time expires. Claim one, what do you do? I realize, I don't think that's one of the It is not. It was dropped. But nonetheless, I just want to ask you, look at claim one, column 14 at the top around line five or so, where it says, receiving a command from a user during operation of the first application program to initiate a search of selected term, said search being launched from said first application program, and said search being performed on a background thread. I mean, that says the search is not only initiated from the first application program, but launched from the first application program. Yes, it does. What do I do with that? I think the way in which initiate and launch are used there, they're used synonymously as you would normally understand those words to be. They stipulate it below and it's no appeal from the construction that says launch and commence are the same thing. If launch and commence mean the same thing, it's hard to imagine in the context of this patent with the specification we have that initiate would have some different meaning than those, and they would appear in that context and elsewhere to be used synonymously. We think it's initiate and search. You could call it launch and search if you wanted, but in either event, they have to occur in both instances on a background, and for that reason, there's no infringement. If you were to adopt Walker Digital's construction of what is initiate, you would still find that Microsoft delays spawning the background thread until the last possible moment, unlike what Walker Digital claims, and they have all of these other activities that are clearly within the scope of what Walker Digital calls the search occur in Microsoft's case on a foreground thread. Thank you. Your Honor, as you heard, Microsoft's position in this case depends on defining initiate to mean the same thing as launch, to mean the same thing as search process. That conflicts with the specification where the specification uses those terms to mean different things, and as Judge Moore pointed out, it specifically conflicts with the receiving limitation in Claim 1, which uses those terms to mean different things. I don't think that he said search, initiate, and launch are all the same thing. I think he said initiate and launch are the same thing, and search is a different part. Fair to his argument. The way I read the briefs and the way I understand the argument is that there is some part of the launch that extends into the search process, and that now... Where do you think, not by reference to your figure in your brief, but by reference to the patent in Figure 5 in particular, where do you think initiation starts? I believe that initiation occurs before launch in Figure 4B and between the command to search, which in Figure 4B is at step at Box 430, and then the launch is at Box 445 at the bottom. All of that is on a foreground thread, and then the launch of the search extends over into Figure 5A through at least that first Box 502, which plainly happens on a foreground thread. Your Honor, as you pointed out, Box 502 has to happen on a foreground thread. There is no background thread when you get to Box 502. That means that the initiation has to happen on a foreground thread. There's just simply no other way to read the specification, and that's why the District Court read it this way, but then offered no rationale for saying that the initiate has to exclusively be on a background thread. And it's a physical impossibility. You can't simply launch a process in a computer directly on a background thread. The foreground thread is explained in the specification, has to go to the CPU and ask for a background thread to be created. And that's what's described in the first few steps of Figure 5A. Why isn't everything in Figure 5A the, why isn't all that part of the initiation of the search process? The creation of the background thread is certainly part of the initiation of the search process, right? That's where the search is going to be conducted. Two reasons, Your Honor. First of all, the claim language makes clear throughout that initiation is something that happens from the first application program. And in fact, the District Court's construction of initiate said that it is something that directly follows the command of search. That's in the District Court's definition. Well, the command of search is in Figure 4B. If initiate directly follows, then that has to be something before you get to the launch. The only way that initiate can be... But that's only true if launch is something different than initiate. That's true. And my position, and Walker's position, is that in the claims and in the specification, initiate means something different than launch. Launch is a box that's labeled in Figure 4B. The District Court found that initiate is something different from launch. That it precedes the launch and it comes after the command. And in two places in the specification, initiate is specifically described as something that is different than launch. And if I could just quickly give you those citations to the specification, they are at column 2, line 67, through column 3, line 4, at column 4, line 48, through line 55, and then again at column 7, line 30. All of those passages describe initiation as something that is different than what the specification later describes as the launch. And I gave you some cites during my initial statement on places in the specification where launch is specifically described. Thank you, Mr. Headley.